CONSTITUTIONALITY OF STATUTE — POLICE PENSION PLAN — ELIGIBILITY OF MEMBERSHIP 11 O.S. 541x [11-541x], Oklahoma Statutes, and particularly the proviso thereof which restricts eligibility for acceptance for pension plan membership to police officers between the ages of twenty-one and thirty-five, inclusive, is constitutional. The Attorney General has considered your request for opinion wherein you question the constitutionality of 11 O.S. 541x [11-541x], Oklahoma Statutes, and more specifically, the proviso thereof which prescribes a prohibition on acceptance for pension plan membership for police officers over the age of thirty-five. 11 O.S. 541x [11-541x] provides in pertinent part as follows: "All persons employed as police officers . . . shall be entitled to participate in the city and town pension systems established under this act upon initial employment provided such persons are of good moral character . . . that the person employed as a police officer first pass the requirements of a physical-medical examination pertaining to age . . . Provided further that police officers in no instance shall be less than twenty-one nor more than thirty-five years of age when accepted for pension plan membership . . . Police officers who withdraw from participation in the police pension plan and remain in the police service shall not be eligible to rejoin at a later time. "Police officers who have served in any city or town participating in this act may transfer such service time for credit into the pension system of another participating city or town providing such police officer meets age and physical requirements and other conditions for acceptance in the pension plan he transfers into; and provided further that any police officer permitted to transfer such service time shall first pay a sum of money into the pension system equal to his contributions, the state's contributions, and the city or town contributions plus interest calculated at five percent (5%) as if he had served such transferred service time in the department where he is newly employed. In no event shall police officers be permitted to transfer more than five years of service time, . . ." (Emphasis added) You have questioned the constitutionality of the restrictive proviso above emphasized in view of the subsequent provision relating to contributions to be made by the officer in the event of transfer of service time from one participating city to another. You state that "the obvious intent was to insure each officer pay his part of the retirement contribution prior to retirement." While we feel certain that such was, indeed, an intent of the legislature in enacting the statute we cannot state, however, as a matter of law or fact, that such was the sole reason for its enactment. Initially it should be pointed out that the restrictions in the statute regarding age relate to acceptance for pension plan membership only. In contrast thereto, the proviso for contribution into the pension system relates only to those instances wherein an officer seeks to transfer service time from one participating city or town into the pension system of another. 11 O.S. 541x [11-541x] was enacted in its present form in the First Regular Session of the Thirty-Second Oklahoma Legislature. The Attorney General has previously considered the statute and particularly, the proviso which you now question. In construing same, it was held in Opinion No. 71-130 (4 Okl. Op. A.G. 48) that a person over 35 years old who voluntarily resigns from a police department and voluntarily withdraws from that city's police pension and retirement system is not eligible to rejoin the system. In Opinion No. 69-360, (3 Okl. Op. A.G. 31) it was held that a police officer over 40 years of age, who was employed subsequent to the effective date of 11 O.S. 541x [11-541x], was not eligible to participate in the police pension or retirement plan of the city. Opinion No. 69-360, furthermore, specifically held 11 O.S. 541x [11-541x] to be constitutional even though it might operate to take away "legislative powers" from a home rule city. Under the opinion, a city in Oklahoma has the right and power to employ a police officer over 35 years of age who otherwise is qualified, however, such officer cannot be accepted for pension plan membership. A presumption of constitutionality attends every legislative act. 11 O.S. 541x [11-541x] has remained in the original form in which it was enacted in 1969 to the present. The legislature has met each year over the seven year period it has been in existence without taking any action regarding the statute. In view thereof, we hereby reaffirm the conclusion reached in Opinion No. 69-360. The statute effectively operates to restrict eligibility for acceptance for pension plan membership to those police officers between the ages of twenty-one and thirty-five, inclusive. It is the opinion of the Attorney General that 11 O.S. 541x [11-541x], Oklahoma Statutes, and particularly, the proviso thereof which restricts eligibility for acceptance for pension plan membership to police officers between the ages of twenty-one and thirty-five, inclusive, is constitutional. (WM. DON KISER) (ksg)